UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RAFAEL CEZAR DANAM,

Plaintiff,

v.

AMTRUST NORTH AMERICA INSURANCE,

Defendants.

Case No. 2:26-cv-00132-MMD-EJY

**Report and Recommendation**

Pending before the Court is Plaintiff's Complaint (ECF No. 4). Plaintiff previously filed an *in forma pauperis* ("IFP") application without a complaint. *See* ECF No. 1-1. The Court granted Plaintiff's IFP and ordered him to file a complaint no later than February 13, 2026. ECF No. 3. The Complaint was filed on February 2, 2026, and was followed by other submissions including Plaintiff's Memorandum (ECF No. 5) and Plaintiff's Official Memorandum for Record (ECF No. 6). The Court finds Plaintiff's filings to be indecipherable and recommends his Complaint be dismissed without leave to amend.

**I.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*)

## II.      Discussion

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted).  "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).  Here, Plaintiff's allegations fail to identify a cause of action that is discernable, or any facts that would give rise to a claim.

For example, Plaintiff says the instant Complaint is for "DIRECT VIOLATIONS OF INSURANCE OBLIGATION FOR INJURY."  ECF No. 4 at 4.  Plaintiff attaches a motion to the Complaint, which was filed with the Nevada Court of Appeals.  ECF No. 4-3.  That motion, titled "Second Motion to Decide Factors of Law Civil Action on Appealable Determination for Appellant," does nothing to illuminate the nature of Plaintiff's claims.  *Id*.  Liberally construed, it appears Plaintiff appealed from a trial court decision concerning personal injury damages.  *Id*. at 9. Plaintiff further submitted to this Court a second document titled "Complaint" broadly stating "Defendant directly violated the U.S. Constitution and Federal Laws, especially Military Laws." ECF No. 4-1.  This document also offers no insight into facts or law that give rise to any cause of action.[1]  *Id*.

Simply put, the Court does not know what Plaintiff is seeking.  *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).  The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678 (internal quotation omitted).  Although, Plaintiff's Complaint provides a somewhat detailed computation of the damages (ECF No. 4-1 at 2), he fails to put any defendant on notice of the claims

---

[1]      To the extent Plaintiff seeks review of one or more decision made by a Nevada state court, the U.S. District Court for the District of Nevada lacks subject matter jurisdiction.  Under what is known as the *Rooker-Feldman* doctrine, a party may not seek a de facto appeal of state court decisions through a suit brought in federal district court asserting the state court's ruling was erroneous.  *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003).

against them as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-cv-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020). In sum, the very prolixity of Plaintiff's Complaint renders it impossible for the Court to "determine just what circumstances were supposed to have given rise to" any cause of action. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Herrmann*, 614 F.2d 1221 (9th Cir. 1980). "Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)). When these well settled principals are applied to Plaintiff's largely indecipherable Complaint, the Court concludes dismissal is appropriate.

## III.    Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 4) be dismissed without leave to amend.

Dated this 17th day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).