UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RAFAEL CEZAR DANAM,

Plaintiff,

v.

AMTRUST NORTH AMERICA INSURANCE,

Defendants.

Case No.: 2:26-cv-00132-MMD-EJY

ORDER

Plaintiff Rafael Cezar Danam initially filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1) without a complaint. The Court granted Danam's IFP application and ordered him to file a complaint by February 13, 2026. (ECF No. 3.) Danam filed his complaint (ECF No. 4 ("Complaint")) along with other submissions, including his Memorandum (ECF No. 5) and Official Memorandum for Record (ECF No. 6). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Elayna J. Youchah (ECF No. 7), recommending the Court dismiss the Complaint (ECF No. 4) without leave to amend. (ECF No. 7 at 1, 3.) Plaintiff had until March 3, 2026 to file an objection. To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R in full.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Youchah did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Youchah screens Danam's Complaint (ECF No. 7 at 2), finding that Danam appears to seek personal injury damages in asserting the following:

"DIRECT VIOLATIONS OF INSURANCE OBLIGATION FOR INJURY." (ECF No. 4 at 4.)[1]

Judge Youchah recommends dismissal of the Complaint (ECF No. 4) without leave to amend because it is "indecipherable" and fails to put any defendant on notice of the claims against them as required by Federal Rule of Procedure 8.[2] (ECF No. 7 at 2-3.) Judge Youchah points out that, even construing the allegations of the Complaint liberally, its conclusory statements do not give rise to any identifiable cause of action. (*Id.*)

The Court agrees that, even construing these allegations together and liberally, the Complaint is largely incomprehensible, and dismissal is proper. It is unclear precisely what harm occurred to Danam, how that harm connects to a cause of action, and how relief may be granted on his claims. Leave to amend is inappropriate here because the issues identified by the Court cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Accordingly, having reviewed the R&R, Judge Youchah did not clearly err.

It is therefore ordered that Judge Youchah's Report and Recommendation (ECF No. 7) is adopted in full.

It is further othered that the Clerk of Court file the Complaint (ECF No. 4).

It is further ordered that Danam's Complaint (ECF No. 4) is dismissed without leave to amend.

---

[1]Danam attaches to his Complaint a motion filed with the Nevada Court of Appeals entitled "Second Motion to Decide Factors of Law Civil Action on Appealable Determination for Appellant" (ECF No. 4-3), which the Magistrate Judge finds "unilluminating" as to the nature of Danam's claims. (ECF No. 7 at 2.) Danam also includes a second document entitled "Complaint," in which he states: "Defendant directly violated the U.S. Constitution and Federal Laws, especially Military Laws." (ECF No. 4-1 at 1.) This document likewise fails to provide any facts or law that give rise to any cause of action. (ECF No. 7 at 2.)

[2]A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 5th Day of March 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE